## Case No. 15,576.

### UNITED STATES v. LAWRENCE.

[4 Cranch, C. C. 514.] [1]

Circuit Court, District of Columbia. March Term, 1835.

INSANITY — EXAMINATION OF WITNESSES BEFORE GRAND JURY—PRESUMPTIONS.

1. In a criminal case it is not necessary, on the part of the prosecution, to summon witnesses to the grand jury to prove the sanity of the accused, as every person is presumed to be of sound mind until the contrary is proved.

2. The accused has no right to send witnesses to the grand jury to prove merely exculpatory matter.

On Monday, the 30th of March, 1835, the grand jury handed to the court the following paper, namely:

"The grand jury beg leave to represent to the honorable court, that Doctors Causine, Bohrer, Sewall, and Clark, were directed to be summoned to testify in the case of Richard Lawrence (who attempted to shoot the president of the United States), to prove the sanity or insanity of the accused. The district attorney has told the jury that the examination of these witnesses, for that purpose, is improper. The jury, therefore, ask the opinion and instruction of the court upon this point. Thomas Carbery, Foreman. March 30, 1835."

THE COURT (THRUSTON, Circuit Judge, absent) took time, till this day, to consider the matter, when—

CRANCH, Chief Judge, delivered the opinion of the court, as follows:

The grand jury having represented to the court that several witnesses were directed to be summoned to testify in the case of Richard Lawrence, to prove the sanity or insanity of the accused, and that the district attorney had informed the grand jury that the examination of those witnesses, for that purpose, was improper; wherefore they asked the opinion and instruction of the court upon that point.

The court is of opinion, that every person is presumed, in law, to be of sound mind until the contrary is proved; and therefore it is unnecessary to summon witnesses on the part of the prosecution to prove the sanity of the accused; that every man is presumed to intend to do what he does; and is prima facie responsible for his actions, and for the probable and natural conse-

quences of them; that if those actions are, in themselves, unlawful, the burden of proof is on the accused, to excuse or justify them; but the accused has no right to send witnesses to the grand jury to prove mere exculpatory matter; he must wait until he is put upon his trial; when the petit jury is the proper tribunal to hear and decide upon the matter of defence.

If the evidence, on the part of the prosecution, shows a full primâ facie case of guilt, we have never known a case in which the grand jury have been permitted to examine witnesses not required on the part of the prosecution, to prove mere matter of excuse or justification. Chitty (volume 1, p. 318) lays down the law thus: "The grand jury, in general, hear evidence only in support of the charge, and not in exculpation of the defendant; and it has been said that they ought never to hear any other than that which is produced for the crown. But it may be doubted whether, as they are sworn to present the truth, which necessarily requires investigation, in case they may not be able to elicit truth from the witnesses for the prosecution, and are actually convinced of that circumstance, they may not require other testimony to assist them in forming their decision. The true intention seems to be that, primâ facie, the grand jury have no concern with any testimony but that which is regularly offered to them, with the bill of indictment; on the back of which the names of the witnesses are inserted; their duty being merely to inquire whether there be sufficient ground for putting the accused party on his trial before another jury of a different description. But if they are unable to satisfy themselves of the truth sufficiently to warrant their determination, they may properly seek other information relative to mere facts; but further than this they cannot proceed."

And Chief Justice McKean, in Schaffer's Case, 1 Dall. [1 U. S.] 236, in answer to an application that witnesses might be sent to the grand jury in behalf of the accused, said to the grand jury: "Were the proposed examination of witnesses on the part of the defendant to be allowed, the long-established rules of law and justice would be at an end. It is a matter well known and well understood that by the laws of our country, every question which affects a man's life, reputation, or property must be tried by twelve of his peers; and that their unanimous verdict is, alone, competent to determine the fact in issue. If then you undertake to inquire, not only upon what foundation the charge is made, but, likewise, upon what foundation it is denied, you will, in effect, usurp the jurisdiction of the petit jury, you will supersede the legal authority of the court in judging of the competency and inadmissibility of witnesses, and having thus undertaken to try the question, that question may be determined upon a bare

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

majority, or by a much greater number of your body than the twelve peers prescribed by the law of the land. This point has, I believe, excited some doubts upon former occasions, but those doubts have never arisen in the mind of any lawyer, and they may be easily removed by a proper consideration of the subject; for the bills or presentments, found by a grand jury, amount to nothing more than an official accusation in order to put the party accused upon his trial; till the bill is returned there is, therefore, no charge from which he can be required to exculpate himself; and we know that many persons, against whom bills were returned, have been afterwards acquitted by a verdict of their country. Here then is the just line of discrimination. It is the duty of the grand jury to inquire into the nature and probable grounds of the charge; but it is the exclusive province of the petit jury to hear and determine, with the assistance and direction of the court upon points of law, whether the defendant is or is not guilty on the whole evidence for, as well as against, him; you will therefore readily perceive that if you examine the witnesses on both sides, you do not confine your consideration to the probable grounds of charge, but engage completely in the trial of the cause; and your return must, consequently, be tantamount to a verdict of acquittal or condemnation. But this would involve us in another difficulty; for, by the law, it is declared that no man shall be twice put in jeopardy for the same offence; and yet it is certain that the inquiry now proposed by the grand jury, would necessarily introduce the oppression of a double trial. Nor is it merely upon maxims of law, but I think, likewise, upon principles of humanity, that this innovation should be opposed. Considering the bill as an accusation grounded entirely upon the testimony in support of the prosecution, the petit jury received no bias from the sanction which the endorsement of the grand jury has conferred upon it. But on the other hand would it not, in some degree, prejudice the most upright mind against the defendant, that on a full hearing of his defence, another tribunal had pronounced it insufficient, which would then be the natural inference from every true bill. Upon the whole the court is of opinion, that it would be improper and illegal to examine the witnesses on behalf of the defendant while the charge against him lies before the grand jury."

In regard to the question of law submitted to this court by the grand jury the court instructs them, that if, in any case before them, they shall be satisfied by the evidence adduced on the part of the prosecution that the party accused committed the unlawful act with which he is charged, they have no right to send for and examine witnesses to prove mere matter of justification or excuse. If such a course could be permitted it would require the United States to produce other witnesses either to discredit those thus produced on the part of the defendant, or to disprove the facts to which they are called to testify, and thus the whole trial of the cause would be drawn before the grand jury, out of the presence of the court and the counsel of the parties. In regard to the particular case which has been the cause of this application to the court we can say nothing, as we are not judicially acquainted with its circumstances. The instruction which the court gives is intended to be general.